```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS

NEILSON CONOVER,                 )
                                 )
          Plaintiff,             )
                                 )
     v.                          )  C.A. No. 04-11045-DPW
                                 )
NEILSON DUDLEY CONOVER, et al.,  )
          Defendants.            )
```

MEMORANDUM AND ORDER

For the reasons stated below, this action is dismissed.

FACTS

On May 21, 2004, plaintiff Neilson Conover filed an application to proceed without prepayment of fees and a complaint naming six defendants. Conover claims that one or more of these defendants are guilty of "identity theft" and seeks an order directing the state of Massachusetts to "outlaw" alcohol as well as "ex-communication" by churches. Compl. p. 1. He attaches a letter from himself to the Federal Bureau of Investigation describing, among other things, his belief that various persons have poisoned his food, as well as an e-mail describing his struggles with alcoholism. Id., Attachments. He seeks ten million dollars in damages, and asserts that he has filed "related" court cases in the districts of Nevada, Colorado, and Oregon, including an appeal to the Ninth Circuit. Id. at p. 1.[1]

---

[1] A review of the federal judiciary's PACER system indicates that at least one of these actions was dismissed as lacking an arguable basis in law and fact. See Conover v. Conover, et al., C.A. No. 04-00054-JE (dismissing), appeal filed, No. 04-35140 (9th Cir. Apr. 27, 2004) (directing plaintiff to pay $255.00 filing fee and to

ANALYSIS

I. The Court May Screen This Action

When a plaintiff seeks to file a complaint without prepayment of the filing fee, summonses do not issue so that the Court may conduct a preliminary review of the complaint and determine if it satisfies the substantive requirements of Section 1915. See 28 U.S.C. § 1915. A district court may dismiss a complaint filed in forma pauperis "at any time" if the court determines that the action lacks an arguable basis in law or fact, seeks relief against a defendant who is immune from liability, or fails to state a claim. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the former § 1915(d)); 28 U.S.C. § 1915(e)(2)(b). In forma pauperis complaints may be dismissed sua sponte and without notice under Section 1915 if the claims are based on an indisputably meritless legal theory or factual allegations that are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

A. Plaintiff Lacks Standing to Bring These Claims

Article III of the Constitution confines the jurisdiction of the federal courts to actual "cases" and "controversies." U.S. Const. Art. III. A necessary element of the "case" or

---

demonstrate good cause why judgment should not be affirmed).

"controversy" requirement is that a litigant must have "standing" to challenge the action sought to be adjudicated in the lawsuit. <u>Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.</u>, 454 U.S. 464, 471 (1982); <u>accord</u> <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 560 (1992) (stating that standing is "an essential and unchanging part of the case-or-controversy requirement of Article III.").

Standing has three elements: (1) a plaintiff must have suffered "an-injury-in-fact" or in other words, an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual and imminent, not conjectural or hypothetical; (2) a plaintiff must demonstrate a causal connection between the injury and the conduct complained of; and (3) it must be "likely," and not merely "speculative," that plaintiff's injury will be redressed by a favorable decision. <u>Lujan</u>, 504 U.S. at 560-561 (citations omitted). Plaintiff, as the party invoking federal jurisdiction, has the burden of proof and persuasion as to the existence of standing. <u>Id.</u>; <u>accord</u> <u>Do-Nguyen v. Clinton</u>, 100 F. Supp.2d 1241, 1245 (S.D. Ca. 2000).

1. <u>The Criminal Code Claims</u>

Plaintiff does not have standing to bring a criminal action because no statute authorizes him to do so. <u>Kennan v. McGrath</u>, 328

3

F.2d 610, 611 (1st Cir. 1964) (per curiam); accord Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989) (per curiam) (stating that only the United States as prosecutor can bring a complaint under 18 U.S.C. §§ 241-242); Stone v. Warfield, 184 F.R.D. 553, 555 (D. Md. 1999) (stating that individual citizens have no private right of action to institute federal criminal prosecutions).[2]  The legal injury occurring from the commission of a crime is suffered by the public, rather than the victim.  See, e.g., Sattler v. Johnson, 857 F.2d 224, 227 (4th Cir. 1988) (victim does not have enforceable right to have persons criminally prosecuted); Doe v. Pocomoke City, 745 F. Supp. 1137, 1139 (D. Md. 1990) (injury that a member of the public, or even a victim, sustains because a prosecutor fails to act is undefinable and remote and is distinct from injury necessary to confer standing). Cf. Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) (a private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another); Pugach v. Klein, 193 F. Supp. 630, 633-

---

[2] Dugar v. Coughlin, 613 F. Supp. 849, 849 n.1 (S. D. N. Y. 1999) (plaintiff could not bring action under 18 U.S.C. § 2071); Milburn v. Blackfrica Promotions, Inc., 392 F. Supp. 434, 435 (S.D.N.Y. 1974) (prosecution of mail fraud and conspiracy to commit mail fraud entrusted solely to the federal government); United States v. Panza, 381 F. Supp. 1133, 1138 (W.D. Pa. 1974) ("[T]he prosecution of criminal actions in the federal courts is a matter solely within the discretion of the Attorney General of the United States and duly authorized United States Attorneys."); In re Trustee in Bankruptcy, 173 B.R. 341, 342 (N.D. Ohio 1994) ("Neither a private person nor an attorney acting on behalf of a party to litigation ...has authority or responsibility for investigating and prosecuting alleged violations of federal criminal law.").

635 (S.D.N.Y. 1961) (power to enforce criminal law vested in executive branch by Constitution; no residual power in private citizens to enforce law when United States Attorney does not prosecute). Thus, to the extent that plaintiff seeks to institute an action in this Court for "identity theft" or other crimes, his claims shall be dismissed. See Kennan, 328 F.2d at 611; Cok, 876 F.2d at 2; Warfield, 184 F.R.D. at 555; cf. 28 U.S.C. § 547 ("Except as otherwise provided by law, each United States attorney, within his district, shall (1) prosecute all offenses against the United States." (1) (emphasis added).

  2.  The Alcohol and Ex-Communication Claims

Plaintiff fails to meet the first standing prong for his remaining claims concerning "outlawing" alcohol and ex-communication. He has not alleged a direct injury, but merely a "general interest common to all members of the public." Thus the allegations of his complaint are insufficient to confer standing for these claims and they shall be dismissed. See Sloan v. Nixon, 60 F.R.D. 228, 230 (S.D.N.Y. 1973) (dismissing where plaintiff sought to enjoin President and Vice-President from continuing in their offices and to annul the appointments of justices to the Supreme Court).

  B.  Non-Justiciable Political Questions

Plaintiff's claims concerning "outlawing" alcohol and ex-

5

communication are also non-justiciable political questions. Federal courts will not adjudicate questions that fall within the purview of the political question doctrine. See Baker v. Carr, 369 U.S. 186, 210 (1962). The political question doctrine is based primarily on the constitutional principle of separation of powers inherent in the text of the Constitution and the policy of judicial self-restraint. See id. at 210; Marbury v. Madison, 5 U.S. (1 Cranch) 137, 170 ("Questions, in their nature political, or which are, by the constitution and laws, submitted to the executive, can never be made in this court.").

The Supreme Court has identified at least six factors ("Baker factors"), any one of which prevents review, that a court should consider to determine whether a matter raises a non-justiciable political question including the impossibility of deciding the claims without an initial policy determination of a kind clearly for non-judicial discretion.[3] Baker, 369 U.S. at 217.

Here, a determination whether to ban alcohol or to prohibit a

---

[3]The other factors are: (i) a textually demonstrable constitutional commitment of the issue to a coordinate political department; (ii) a lack of judicially discoverable and manageable standards for resolving it; (iii) the impossibility of a court's undertaking independent resolution without expressing lack of the respect due coordinate branches of government; (iv) an unusual need for unquestioning adherence to a political decision already made; or (v) the potentiality of embarrassment from multifarious pronouncements by various departments on one question. Baker, 369 U.S. at 217.

6

private religious organization's practices are both clearly issues that involve policy determinations more appropriate for the legislature, and thus plaintiff's claims concerning these two issues are subject to dismissal on this basis as well.  See, e.g., Alperin v. Vatican Bank, 242 F. Supp. 2d 686, 690 (N.D. Cal. 2003) (dismissing claims of Jewish descendants against bank; history demonstrates long-standing foreign policy commitment to resolving such claims at government level); cf. In re African-American Slave Descendants Litig., 304 F. Supp. 2d 1027, 1055-1062 (N.D. Ill. 2004) (dismissing claims because issue committed to Representative Branches and no judicially discoverable or manageable standards existed).

## CONCLUSION

ACCORDINGLY, this action is dismissed for the reasons stated above.

SO ORDERED.

Dated at Boston, Massachusetts, this 28th day of May, 2004.

> s/ Douglas P. Woodlock
> DOUGLAS P. WOODLOCK
> UNITED STATES DISTRICT JUDGE